FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS

Sep 23, 2022

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARK A. MERRELL,                                                                    PLAINTIFF

v.                    Civil No. 4:22-CV-04072-SOH-BAB

LIEUTENANT KAREN GHORMLEY,
Nevada County Detention Center; DEB JORDAN,
Corrections Officer, Nevada County Jail,

                                                                               DEFENDANTS.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Mark A. Merrell, an inmate in the Nevada County Detention Center, Nevada

County, Arkansas, filed the above-captioned civil rights action under 42 U.S.C. § 1983.  (ECF

No. 2).   Pursuant to the provisions of 28 U.S.C. § § 636(b)(1) and (3), the Honorable Susan O.

Hickey, Chief United States District Judge, referred this case to the undersigned for the purposes

of making a Report and Recommendation.   This matter is now before the Court for preservice

screening under the provisions of the Prison Litigation Reform Act ("PLRA").   Pursuant to 28

U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity.   28 U.S.C.

§ 1915A(a).   Upon that review and for the reasons outlined below, this Court recommends that

this matter be dismissed without prejudice for failure to state a claim.   *See* 28 U.S.C.

§ 1915A(b)(1).

### I.   BACKGROUND

Plaintiff initially filed his civil rights complaint under 42 U.S.C. § 1983 in the Eastern

District of Arkansas. (ECF No. 2). The Eastern District of Arkansas transferred this matter to this

District because the alleged conduct that is the subject of the complaint took place at the Nevada

County Detention Center, which is in this District. (ECF No. 3). *See* 28 U.S.C. § 1391(b) (venue is proper in the judicial district where "any defendant resides" or where "a substantial part of the events or omissions giving rise to the claim occurred").   This Court subsequently granted Plaintiff's request to proceed *in forma pauperis* (IFP), *see* (ECF No. 6), and directed him to file an amended complaint, (ECF No. 7).   When Plaintiff's amended complaint, *see* (ECF No. 10), did not correct the deficiencies of the original complaint, this Court directed him to file a first amended complaint, *see* (ECF No. 11).

Having been offered two opportunities to correct the deficiencies in the original complaint, this Court turns now to the First Amended Complaint, *see* (ECF No. 12), which is now the operative pleading pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. *See In re Atlas Van Lines, Inc.,* 209 F.3d 1064, 1067 (8th Cir.200) ("It is well-established that an amended complaint supercedes [sic] an original complaint and renders the original complaint without legal effect.").

Plaintiff's First Amended Complaint alleges three claims for relief.   First, Plaintiff contends that on July 28, 2022, at approximately 11:00 am, he was walking to the bathroom in the Nevada County Detention Center when he slipped and fell in a puddle of water caused by a leak in the detention center's roof.   (ECF No. 12).   Plaintiff alleges he injured his replacement knee in the fall and requested medical attention from Corrections Officer Deb Jordan, who then informed Lieutenant Karen Gorhmley, but he received none, which constitutes medical neglect. *Id.*   In the second claim—which is related to the first—Plaintiff contends that in denying him access to medical care, he has been denied his right to medical treatment.  *Id.*   Third, Plaintiff alleges that Lieutenant Karen Gorhmley interfered with his right to petition the government and

hindered his prosecution of this claim by initially denying his request for a court-approved § 1983 form and by filing out his inmate trust account statement incorrectly.  *Id.*   Plaintiff contends that he is suing both defendants—Corrections Officer Deb Jordan and Lieutenant Karen Gorhmley— in their official and individual capacities.   Plaintiff requests compensatory damages in the amount of $2 million for the injuries he sustained to his knee from the fall.

## II. LEGAL STANDARD

Under PLRA, the Court is obligated to review the case prior to service of process being issued.   The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   A pro se complaint, moreover, is to be given liberal construction, meaning "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."   *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).   However, "they still must allege sufficient facts to support the claims advanced." *Id.* at 914 (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## III. DISCUSSION

Here, the Court warned Plaintiff twice that his complaint was deficient.   *See* (ECF No. 7),

(ECF No. 11).   Plaintiff's First Amended Complaint does not cure these deficiencies.   Thus, this Court recommends that this matter be dismissed for failure to state a claim.   28 U.S.C. § 1915A(b)(1).   Each claim is addressed, in turn, below.

### A.   "Access-to-the-Courts" Claim

The United States Constitution guarantees prisoners a right to access to the courts. *See White v. Kautzky*, 494 F.3d 677, 679 (8th Cir. 2007).   Although Plaintiff is a pretrial detainee and not a prisoner, the Supreme Court has recognized a constitutional right to access the courts in other contexts. *Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002).   Accordingly, because pretrial detainees are subject to the same types of restrictions as prisoners, this Court analyzes Plaintiff's "access-to-the-courts" claim under the same standard articulated for claims brought by prisoner-plaintiffs.

"To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (citing *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007)).   "To prove actual injury, moreover, "a prisoner must demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded."   *Id.* (quoting *Lewis v. Casey*, 518 U.S. 343, 353 (1996)).

Here, Plaintiff does not allege that he suffered any injury from allegedly being denied access to the courts.   Indeed, although Plaintiff alleges that he requested a court-approved 42 U.S.C. § 1983 form and Defendant Lieutenant Gorhmly initially refused to give him one, he did

not suffer any injury from this because Defendant Gorhmly ultimately provided him with the requested form.   Similarly, Plaintiff alleges that Defendant Gohrmly initially told others not to complete the certificate of inmate account and assets form, but, again, the record shows that this information was submitted to the Court, *see* (ECF No. 4).   Although Plaintiff claims that the form was filled out incorrectly, he does not allege how it was filled out incorrectly or, even more to the point, that he suffered harm because it was filled out incorrectly. Plaintiff was in fact granted IFP status in this matter.   Thus, because Plaintiff did not—and cannot—allege sufficient facts establishing that he suffered an injury from being denied access to the courts, this Court recommends that this claim be dismissed for failure to state a claim.

   **B.  Medical Indifference and Medical Neglect Claims**

   The gravamen of the remaining claims is that Plaintiff was denied medical attention after he hurt his knee in a slip and fall.

   Because the Fourteenth Amendment "affords pre-trial detainees at least as much protection as the Eighth Amendment does to convicted prisoners," *Grayson v. Ross*, 454 F.3d 802, 808 (8th Cir. 2006), courts apply the Eighth Amendment's "deliberate indifference" standard in determining whether there has been a constitutional violation in delaying a pretrial detainee's access to medical care.   *Id.*

   The Eighth Amendment "deliberate-indifference" standard involves objective and subjective components. *See Jolley v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000).   Specifically, "the plaintiff must demonstrate (1) that he suffered from objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).   A "serious medical need" is "one that is so

obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Vaughn v. Greene Cty., Arkansas*, 438 F.3d 845, 851 (8th Cir. 2006).   Further, "when the inmate alleges that a delay in medical treatment rises to the level of a [constitutional] violation, the objective seriousness of the deprivation should be measured by reference to the *effect* of the delay in treatment." *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005).

Here, although Plaintiff alleges that his right knee was "injured" in the fall, this statement is conclusory.   He does not allege how, specifically, it was injured—whether, for example, the injury caused his knee to swell or impeded his ability to walk.   Further, Plaintiff fails to allege that he suffered any harm from being delayed medical treatment—whether, for example, the delay caused him to suffer in pain.   Even though case law requires *pro se* complaints to be liberally construed, courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004) (citing *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981) ("pro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law.")).   In this case, despite offering Plaintiff two opportunities to correct the deficiencies in his complaint, the First Amended Complaint fails to allege sufficient facts to establish a constitutional claim of medical indifference [1]   Accordingly, this Court also recommends that the claims concerning delayed access to medical care and medical neglect be dismissed for failure to state a claim.[2]

---

[1] Although Plaintiff claims the delay in medical treatment amounts to "medical neglect," a claim of "mere negligence"—or even gross negligence—does not rise to the level of a constitutional violation. *See Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000).

[2] Although Plaintiff does not allege any § 1983 claims stemming from the slip and fall itself, this Court notes that other courts have found that slip and fall accidents generally do not give rise to a cause of action under § 1983. *See Christianson v. McLean County Sheriff's Dept.*, No. 1:10-cv-058, 2010 WL 3421083, at * 2 (D.N.D. Aug. 3, 2010) (citing *White v. Tyszkiewicz*, 27 F. App'x 314, 2001 WL 1299274 (6th Cir. 2001)); *see also Reynolds v. Powell*, 370

6

### IV. CONCLUSION

In sum, having reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, this Court recommends that: Plaintiff's Second Amended Complaint (ECF No. 12) be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim; (2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and (3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 23rd day of September 2022.

/s/ Barry A. Bryant

HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

F.3d 1028, 1031 (10th Cir. 2004) (finding that a "slip and fall" without more does not amount to an Eighth Amendment violation).